**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HECTOR AGUSTIN ORTIZ-VILLADA,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2224-KC** |
| **WARDEN/ADMINISTRATOR, ERO EL PASO CAMP EAST MONTANA, et al.,** | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Hector Agustin Ortiz-Villada's Petition for a Writ of Habeas Corpus, ECF No. 1, and Emergency Motion for Expedited Consideration and Release from Immigration Detention ("Motion"), ECF No. 1. Ortiz-Villada, a citizen of Venezuela, is detained at ERO El Paso Camp East Montana. Pet. 2. He argues that his detention is unlawful and asks the Court to order his release, including under conditions such as GPS monitoring and electronic monitoring. *Id.* Ortiz-Villada was taken into immigration custody following a motor vehicle accident on March 14, 2026. Pet. ¶ 16. On May 26, 2026, Ortiz-Villada was denied bond by an immigration judge ("IJ"). *Id.* ¶¶ 20–21, 40. And in June 2026, he was ordered removed by an IJ. *Id.* ¶¶ 22–24. It is unclear whether Ortiz-Villada appealed that removal order. *See generally id.*

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not

entitled thereto." 28 U.S.C. § 2243. A response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. *Id.*

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Ortiz-Villada the relief he seeks.

Ortiz-Villada also requests that the Court expedite consideration of the Petition and order Respondents to respond promptly. Mot. 11.

Accordingly, it is **ORDERED** that Petitioner's Emergency Motion for Expedited Consideration and Release From Immigration Detention, ECF No. 1, is **GRANTED** in part and

**DENIED** in part. The Court gives this Petition the same expedited yet careful consideration that it accords to other similar cases.

**IT IS FURTHER ORDERED** that Respondents must **SHOW CAUSE** by **no later than September 8, 2026**, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

If any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 1st day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE